## LOUISVILLE & N. R. CO. v. GREENE.

Ohio Appeals, 1st Dist., Hamilton Co.

Freiberg, Avery & Simmonds, Cincinnati, for Louisville Rd. Co.

Nichols, Morrill, Stewart & Ginter, Cincinnati, for Greene.

**991. RAILROADS—480 Evidence—396 Directed Verdicts.**

1. In action for death of engineer in collision with locomotive at track intersection, evidence, as to display of proper warning lights, properly submitted to jury.

2. Method of operating signals and locking device, properly submitted to jury.

3. Evidence that "stop" signal was showing after wreck warranted plaintiff in introducing evidence that it was possible for "proceed" signal to change because of absence of interlocking device.

**225. CHARGE OF COURT—829 Negligence.**

1. Refusal to give special charge, held not error in view of general charge.

2. Court's general charge must be taken as a whole.

**771. MISCONDUCT.**

1. Court's caution to jury, after first witness' testimony, held sufficient to cure impropriety in opening statement.

2. Statement by plaintiff's counsel, in closing argument, that deceased was scalded to death, held not ground for reversal in view of evidence.

3. In action for engineer's death, reference by plaintiff's counsel, in closing argument, to opportunities for advancement with railroad, held not ground for reversal in absence of objection or request for instruction on such matter.

**256. COMITY—753 Measure of Damages.**

1. Law of Kentucky governs where accident occurs in that state.

2. Under such law, measure of damages for death, is such sum as will reasonably compensate estate for destruction of power to earn money.

3. Jury may consider evidence of deceased's habits, character, physical condition, earning capacity, and probable duration of life.

**1235. VERDICTS.**

1. Verdict given under influence of passion and prejudice, should be set aside.

2. $40,000 damages awarded for death of locomotive engineer, held not excessive.

BUCHWALTER, J.

1. In action for death of locomotive engineer in collision with another locomotive at track intersection, evidence that "caution" light was displayed until he reached point from which "stop" light then displayed was invisible held sufficient to warrant submission of cause to jury.

2. Questions of fact, as to which evidence is conflicting, are properly left to jury.

3. In action for locomotive engineer's death in collision with locomotive on intersecting track, method of operating signals and locking device held fact questions for jury as against contention that plaintiff's evidence as to signals displayed was contradicted by evidence as to operation of locking device.

4. In action for locomotive engineer's death in collision with locomotive on intersecting track, defendant's evidence that "stop" signal was showing after wreck warranted plaintiff in introducing evidence that it was possible for "proceed" signal to be changed as decedent neared or reached crossing because of absence of interlocking device on his side thereof.

5. In action for death of locomotive engineer in collision with locomotive on intersecting track, refusal of defendant's special charges, precluding consideration of absence of interlocking signal device on decedent's side of intersection, held not error, in view of charge not to consider as negligence whether circuit was properly constructed.

6. The court's general charge must be taken as a whole in determining whether the issues were properly stated.

7. In death action, court's caution to jury, after first witness' testimony, in conformity to prior request by counsel for defendant, not to consider statements by plaintiff's counsel in

opening statement as to deceased's family, held sufficient to cure any impropriety in his reference to deceased's minor daughter, in whose behalf suit was brought.

8. In action for locomotive engineer's death in collision with locomotive on intersecting track, statement by plaintiff's counsel in closing argument that deceased was scalded to death held not ground for reversal of judgment for plaintiff, in view of other engineer's testimony that deceased was scalded, evidence as to steam around overturned engine, and court's instruction to disregard such statement.

9. In action for death of locomotive engineer in collision with locomotive on intersecting track, reference by plaintiff's counsel, in closing argument, to opportunities for advancement, and mention of persons who had progressed to high positions, in railroad service, held not ground for reversal of judgment for plaintiff, in absence of objection or request for instruction on such matter.

10. Law of Kentucky governs as to liability and measure of damages for death by accident occurring in such state.

11. Under law of Kentucky, damages recoverable for death are such sum, not exceeding amount claimed in petition as will fairly and reasonably compensate decedent's estate for destruction of his power to earn money.

12. In estimating compensatory damages under Kentucky law, for death, jury may consider evidence of deceased's habits, character, physical condition, earning capacity, and probable duration of life, in order to determine what sum will compensate his estate for destruction of his earning power.

13. If verdict was given under influence of passion and prejudice, it is court's duty to set it aside and not grant a remittitur.

14. $40,000 damages awarded for death of locomotive engineer, who was 33 years old and earning about $2,200 per year, and was sober, industrious, in good health, and in line for promotion, held not excessive.

(Hamilton, PJ., and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.